Missouri Pacific Railroad Company *v.* Beard.

Opinion delivered May 18, 1931.

R. E. *Wiley* and *Richard M. Ryan,* for appellant.

D. D. *Glover* and *W. H. Glover,* for appellee.

Humphreys, J. Appellee brought this suit in the circuit court of Hot Spring County against appellant to recover damages in the sum of $3,000 for the loss of a leg alleged to have been sustained, when attempting to board a work train, through the negligence of appellant in providing a defective freight car with which to work and an unsafe place in which to do so. The particular negligence alleged was that appellant furnished the men with whom appellee was working a work train to ride on and carry their supplies, which contained a freight car with a defective stirrup or foothold on which to stand when getting on and off the train while engaged in the performance of their duties and also placed loose gravel on its right-of-way over the Main Street crossing in the city of Malvern, Arkansas, over planks that stuck up in a way to trip men when getting on and off the train.

Appellant filed an answer denying the material allegations of the complaint, and, in addition, pleaded as a

complete defense and bar to appellee's alleged cause of action that he assumed the risk of whatever danger there may have been in attempting to board the train.

At the conclusion of the evidence, appellee was permitted to amend his complaint, over appellant's objection and exception, to the effect that, after appellant discovered the peril of appellee in attempting to board the train, it negligently failed to stop its train and thereby prevent the injury.

The cause was submitted to the jury upon the pleadings, testimony, and instructions of the court, resulting in a verdict and consequent judgment for $3,000 against appellant, from which is this appeal.

Appellant first contends for a reversal of the judgment upon the alleged grounds that no liability was shown on account of negligence, and, if so, that the risk incident to boarding the moving train was assumed by appellee. These grounds are not sustained by the undisputed evidence in the case. The evidence, viewed in its most favorable light to appellee, reflects the following facts: Appellee was one of a crew of about twenty men employed by appellant to load and distribute rails and ties along its tracks between Malvern and Donaldson onto and from a train of cars furnished for that purpose. In loading and unloading ties, the work was usually done while the train was moving. The men would jump off, pick up, and load the ties and jump back on the train while it was in motion. Owing to the length of the rails, the train would stop for the men to do that work. The men were instructed by the foreman to keep up with the train, meaning to get on and off the train, even when moving if necessary. It was the custom of the crew, including the foreman, to get on and off the train when running in order to keep up with it and be ready at any place it might be to perform their duties. On the 18th day of April, 1930, the train was on the side track in Malvern where the crew was working. Some of the men, including appellee, were directed by the foreman, U. G. Heath, to transfer some angle bars from one car to

another. When they had completed that particular work and were climbing down out of the car, the engine, with one car attached, moved north to do some switching, and then it backed into the main line and south toward the depot at a speed not to exceed ten miles an hour, pushing three cars. As it passed along, two of the men, who were standing with appellee, boarded the first and second cars, and appellee attempted to board the third car or the one next to the engine. He caught the handhold and started to put his foot in the stirrup, but it was bent five or six inches under the car, and, on that account, he missed it and ran along with the car until he reached the Main Street crossing, where he stumbled on a board sticking up out of loose gravel on the right-of-way and fell under the train, the wheel of which ran over and crushed his leg, necessitating the amputation thereof just below the knee. During the time appellee was holding to the handhold and running along with the car, the fireman observed him but said nothing to the engineer about stopping the engine until appellee stumbled on the plank and fell, at which time he called to the engineer, who immediately stopped the engine but too late to prevent the injury. The fireman testified that it was not unusual for an employee to catch the handhold and run along with the moving train in order to board same, and that he did not regard appellee's position as perilous until he stumbled. In the course of the introduction of testimony, the court, over the objection and exception of appellant, admitted evidence to the effect that on other days the crew loaded and unloaded ties while the train was moving, and that the men got off and on the moving train while doing the work; also that the engineer would blow the high-ball blast for the men to board the train whenever he started to leave a place, and that some of them would get on before the train started and others after it started if it was not going too fast.

The testimony detailed above is of a substantial nature and sufficient, when accepted as true by the jury, to sustain the verdict and judgment. It cannot be said,

as a matter of law, under the facts that appellant was not guilty of negligence or that appellee assumed the risk of boarding the moving train. It was the duty of appellant to furnish cars without substantial defects such as bent stirrups and to remove planks calculated to trip men when boarding slowly moving trains in the performance of their duties. The train was not moving so rapidly that it can be said, as a matter of law, appellee assumed the risk in attempting to board same in the discharge of his duties.

We have carefully read the instructions given and those refused and have concluded that the court fully and correctly declared the law of negligence and assumption of risks applicable in the case.

Appellant also contends for a reversal of the judgment because the court admitted testimony relative to loading and unloading ties while the train was moving, blowing of high-balls, etc., at other days and places, but, as the testimony related to the movement of the same train for the convenience of employees engaged in the same kind of work, the evidence was admissible.

Appellant also contends for a reversal of the judgment because the court submitted the issue of discovered peril to the jury for determination. The instruction submitting this issue to the jury was based upon the testimony of the fireman to the effect that he saw appellant holding by the handhold and running along with the moving train without notifying the engineer to stop same. According to appellee's own theory of the case, this is what the crew was directed and expected to do in boarding cars in the performance of their duties.

The fireman testified that he did not regard appellee in danger until he tripped and stumbled on the plank sticking out of the loose gravel on appellant's right-of-way at the Main Street crossing; whereupon he called to the engineer, who immediately applied the emergency brakes and stopped the train. Appellant was not required, under the doctrine of discovered peril, to stop the train until appellee was actually discovered to be in a

perilous position. The testimony was not sufficient to show this at the time the fireman first discovered appellee, and so there was no evidence to justify or warrant the submission of that issue to the jury.

On account of the error indicated, the judgment is reversed, and the cause is remanded for a new trial.